No. 21,748.

J. W. SMITH, *Appellant*, v. THE ROCK OIL AND GAS COMPANY (a partnership consisting of W. M. RAMSDALE et al.) and J. A. DAVIS, *Appellees*.

### SYLLABUS BY THE COURT.

SALE—*Well-drilling Outfit—Fraud Alleged—Action for Damages—Demurrer to Evidence*. In an action to recover the value of property transferred by written bill of sale and for damages alleged to have been sustained by the fraud of defendants in inducing plaintiff to sell the property at an inadequate price when he was incapable of transacting business by reason of intoxicating liquor given him by the defendants, *held*, on the facts stated in the opinion, that a demurrer to the evidence was rightfully sustained.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed October 12, 1918. Affirmed.

*Emory W. Earhart*, of Winfield, and *G. A. Stultz*, of Wichita, for the appellant.

*J. E. Alexander*, of Wichita, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from an order sustaining a demurrer to plaintiff's evidence.

The action is against the Rock Oil and Gas Company, a partnership composed of W. M. Ramsdale, S. T. Jocelyn and L. C. Wright. The plaintiff joined as a defendant one J. A. Davis. The petition set out two causes of action; the first, to recover $1,500 which it is claimed the partnership agreed to pay for the partial performance of a contract to drill an oil well; and the second, to recover damages claimed to be due because plaintiff was induced by defendants to sell an outfit of well-drilling tools at an inadequate price when he was "unconscious of his acts and incapable of transacting any business whatsoever for the reason that he had no knowledge of any acts he performed." This condition, it is alleged, was caused by intoxicating liquor given him by defendant Davis, or because of the influence of certain smoke produced by defendants and which the plaintiff

Smith v. Oil and Gas Co.

inhaled while talking with them and which rendered him unconscious of his acts. No summons was served on any of the defendants except L. C. Wright, and none of the other defendants appeared. Wright filed an answer alleging an agreement between the plaintiff and the partnership whereby, in consideration of the payment of certain wages due workmen for services performed in drilling the well to the depth of 1,000 feet, the contract for drilling the well further was terminated, and all demands against the partnership were canceled; and further alleging that the Rock Oil and Gas Company purchased from the plaintiff the well-drilling tools at the price of $2,150, which was paid to him and which he had retained, and that he had not rescinded or offered to rescind the sale. The reply was a general denial.

In his testimony plaintiff admitted that he had joined with the defendant, J. A. Davis, in the execution of a written contract, consisting of a bill of sale for the drilling outfit and tools belonging to himself, and which contained a provision that in consideration of the payment of the wages due workmen in drilling the well to its then depth, the defendants were relieved from further liability to him. It is conceded that the amount due for labor was $858 and was paid by the gas company. The evidence showed that after he had discovered that he had been paid $2,150 in place of the amount he now claims to have been due, and after he had talked to some of the defendants about his dissatisfaction with the amount received, he withdrew the money from the bank; and it was stated on the trial by his counsel that he was not suing for a rescission. He offered no evidence to establish the market value of the tools. His evidence showed that he was accustomed to drinking whisky and smoking and in the habit of visiting bootlegging establishments. He had taken two drinks of whisky in the forenoon of the day the transaction involved took place, and he did this at the invitation of J. A. Davis, who held the original contract for drilling the well and who had an interest in the transaction. He went with Mr. Davis to the office of Mr. Jocelyn, who represented the oil and gas company. His testimony is that one of the defendants smoked a cigar while conversing with him in the office, where they were discussing the sale of the tools; that

37—Kan.—3099.

in the afternoon when the sale of the tools was arranged he left the office with the understanding that an agreement was to be drawn up which he was to sign later. He went to a hotel with J. A. Davis, where at the latter's suggestion he took another drink of whisky. Shortly thereafter they went back to the law office, where he signed the bill of sale, then went with Mr. Jocelyn to the bank where he deposited the check for $2,150 given in payment for the tools, and received a bank book crediting him with the amount, less $10 in cash, which the bank paid him. There was no evidence of any kind that any drug had been applied to what he drank, although this was alleged in his petition, and it is not claimed by him that any misrepresentation was made by any person as to the contents of the bill of sale. In his brief it is said that he was not under the influence of liquor or drugs when he left the office in the afternoon at the time the bill of sale was being drawn, and he admits that he took but one drink of whisky while out with Mr. Davis. We think the trial court was right in holding that there was nothing substantial shown in plaintiff's testimony upon which to base a claim that he was rendered unconscious or unable to know and understand the paper he signed. He does not testify that the defendants agreed to pay him $3,500, but says that he never agreed to accept any other sum. In the absence of any testimony showing that the tools were worth more than the $2,150 paid for them and of any evidence showing a contract to pay him more than actually was paid, except his understanding of what he wanted to receive for them, we think the trial court was right in sustaining the demurrer.

The judgment is affirmed.